# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court



RECEIVED
2008 JUL 10 PM 1:11
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

FILED
JUL 1 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

July 3, 2008

Clerk, U.S. District Court
Middle District of Florida, Jacksonville Division
300 North Hogan Street
Jacksonville, FL 32202

**Transfer of Jurisdiction**

  Our Case #: 08cr7032-IEG
  Your Case #: 07cr340-J-16JRK
  Case Name: Heder Morales-Aguilar

Dear Clerk of the Court:

  Enclosed please find a original and a copy of Probation Form 22, signed on 6/20/2008 by Chief Judge Irma E. Gonzalez accepting transfer of jurisdiction to the Southern District of California for the aforementioned defendant. Please forward to this district the requested documents as listed below.

    Certified copy of Transfer of Jurisdiction
    Certified copy of indictment, information or complaint
    Certified copy of Judgment
    Certified copy of docket sheet
    Certified copy of any OSC's

  Please acknowledge receipt of this letter.

          Sincerely yours,

          W. Samuel Hamrick, Jr.
          Clerk of Court

          J. HASLAM
  By: _____
          J. Haslam, Deputy Clerk

| PROB 22 (Rev. 2/08) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** | FILED<br>JUN 2 6 2008<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY YNK DEPUTY | 3:07-cr-340?-J-16JRK |
| | | DOCKET NUMBER (Rec. Court)<br>'08 CR 7032 IEG |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Heder Morales-Aguilar | Middle District of Florida | Jacksonville |
| | NAME OF SENTENCING JUDGE | |
| | The Honorable Howell W. Melton | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>February 13, 2008 | TO<br>February 12, 2009 |

**OFFENSE**

Illegal Re-entry into the United States after Deportation, in violation of Title 8 U.S.C. § 1326, a class E felony.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __Middle__ DISTRICT OF __Florida__

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the __Southern District of California__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

6/4/08
Date

*signature* Howell W. Melton
~~Chief~~ United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern DISTRICT OF __California__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

6/20/08
Effective Date

*signature* Irma E. Gonzalez
United States District Judge

CERTIFIED A TRUE COPY
SHERYL L LOESCH, CLERK
U.S. DISTRICT COURT
By: _____
Deputy Clerk

AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

12-4-07

CLERK, U. S. DISTRICT COURT
MIDDLE D ST..... FLORIDA

UNITED STATES OF AMERICA

vs.

HEDER MORALES-AGUILAR

CRIMINAL COMPLAINT

CASE NUMBER: 3:07-mj- 1278 TEM

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about December 3, 2007, in Duval County, in the Middle District of Florida, the defendant,

> an alien who had previously been arrested and deported/removed from the United States to Mexico on March 10, 2007, thereafter was found unlawfully in the United States without first having applied for and receiving permission of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to re-enter the United States,

in violation of Title 8, United States Code, Section(s) 1326. I further state that I am a Special Agent with Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
CARLOS A. NORIEGA

Sworn to before me and subscribed in my presence,

December 4, 2007                    at    Jacksonville, Florida

THOMAS E. MORRIS
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

CERTIFIED A TRUE COPY
SHERYL L LOESCH, CLERK
U.S. DISTRICT COURT
By: _____
Deputy Clerk

## CRIMINAL COMPLAINT AFFIDAVIT

I, Carlos A. Noriega, being a duly sworn and appointed Special Agent of the United States Immigration and Customs Enforcement (ICE), formerly known as the Immigration and Naturalization Service (INS), hereby make the following statement in support of the attached criminal complaint.

1. Your affiant is a Special Agent of ICE and has been so since the creation of ICE under the Department of Homeland Security (DHS) on March 1, 2003. For eleven years prior to that event your affiant was a Special Agent of U.S. Customs, an agency absorbed in part into DHS and incorporated into ICE, along with components of INS. For the eight years prior to that your affiant was a criminal investigator with the U.S. Marshal Service (USMS). Your affiant has training and experience in the enforcement of the Immigration and Nationality laws of the United States. Additionally, your affiant has training and experience in the service of criminal complaints and arrest warrants.

2. On November 23, 2007, your affiant received information that Heder MORALES-AGUILAR was arrested by the Jacksonville Sheriffs Office (JSO) for driving without a driver's license. Your affiant called the Duval County Jail and confirmed that MORALES-AGUILAR was incarcerated and proceeded to place an immigration detainer with the Duval County Jail.

3. On December 3, 2007, at approximately 11:00 a.m., MORALES-AGUILAR was transported to the ICE Jacksonville Satellite Office, Jacksonville, Florida for administrative processing.

4.  On December 3, 2007, at approximately 1:30 p.m. your affiant identified himself to MORALES-AGUILAR as an Immigration and Customs Enforcement (ICE) Special Agent. During processing, an Automated Biometric Identification System (IDENT) check was run on MORALES-AGUILAR. IDENT is an immigration computer check that uses fingerprints to identify individuals who have previously been encountered by the Immigration Service. The IDENT check reveled that MORALES-AGUILAR had previously been encountered by the Immigration Service. Further checks in the Deportable Alien Control System (DACS) revealed that MORALES-AGUILAR was deported/removed from the United States to Mexico on March 10, 2007 from Brownsville, Texas and that there is no evidence that he ever applied for or received permission from the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to re-enter the United States since the time of his deportation/removal.

5.  On December 3, 2007, at approximately 2:00 p.m., your affiant interviewed MORALES-AGUILAR. Prior to the interview, he was advised of his Constitutional ("Miranda") rights in Spanish from Form I-214. MORALES-AGUILAR acknowledged that he understood his Miranda rights, waived his right to remain silent and agreed to answer questions in relation to his illegal re-entry into the United States. During questioning, MORALES-AGUILAR stated that his true name is Heder MORALES-AGUILAR, that he is a Mexican citizen and that he was deported/removed from the United States from Brownsville, Texas on March 10, 2007. MORALES-AGUILAR further admitted that he illegally re-entered the United States without inspection in the area of McAllen, Texas, on or about May 1, 2007 and that he

had never received permission from anyone in the United States government to re-enter the United States after his deportation.

6.   On December 4, 2007, at approximately 10:30 a.m., your affiant advised Assistant United States Attorney Russell C. Stoddard of the above facts and he authorized criminal prosecution of MORALES-AGUILAR.

Based on the foregoing facts, your affiant believes there is probable cause to establish that Heder MORALES-AGUILAR is a Mexican citizen who has illegally re-entered the United States after having been deported/removed from the United States to Mexico without first applying for or receiving permission from the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to re-enter the United States after deportation/removal, in violation of Title 8, United States Code, Section 1326.

_____
Carlos A. Noriega
U.S. Immigration and Customs Enforcement
Jacksonville, Florida

AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

V.

HEDER MORALES-AGUILAR

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 3:07-cr-340-J-16JRK
USM NUMBER: 32146-018

Defendant's Attorney: David A. Makofka, Esq. (cja)

THE DEFENDANT:

X  pleaded guilty to Count One of the Information.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 8 U.S.C. § 1326 | Illegally re-entering the United States after having been deported/removed. | December 2007 | One |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, and 18 U.S.C. §§ 3551 and 3553.

__ The defendant has been found not guilty on count(s)
__ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: February 6, 2008

Howell W. Melton
HOWELL W. MELTON
SENIOR UNITED STATES DISTRICT JUDGE

DATE: February 6, 2008

CERTIFIED A TRUE COPY
SHERYL L LOESCH, CLERK
U.S. DISTRICT COURT
By: _____
     Deputy Clerk

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

Defendant: HEDER MORALES-AGUILAR
Case No.: 3:07-cr-340-J-16JRK

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TIME SERVED plus seven (7) days, to expire on Wednesday, February 13, 2008**.

\_ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.
\_ The defendant shall surrender to the United States Marshal for this district:

   \_ at \_ a.m./p.m. on \_ .
   \_ as notified by the United States Marshal.

\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   \_ before 2 p.m. on \_ .
   \_ as notified by the United States Marshal.
   \_ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

   Defendant delivered on _____ to _____
\_ at _____, with a certified copy of this judgment.

                                              _____
                                                     United States Marshal

                                         By: _____
                                                       Deputy Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| Defendant: | HEDER MORALES-AGUILAR | Judgment - Page 3 of 6 |
| Case No.: | 3:07-cr-340-J-16JRK | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **one (1) year**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

__X__  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

__ _ __  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

__ _ __  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant: HEDER MORALES-AGUILAR | Judgment - Page 4 of 6 |
| Case No.: 3:07-cr-340-J-16JRK | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

\_ The defendant shall participate in the Home Detention program for a period of \_\_. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

\_ The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

\_ The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

\_ The defendant shall provide the probation officer access to any requested financial information.

\_ The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X If deported by the Bureau of Immigration and Customs Enforcement (BICE), the Defendant shall not re-enter the United States unless allowed to do so legally.

\_ Defendant shall perform \_\_ hours of community service.

\_ The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vacation, or is a student, as directed by the probation officer.

\_ The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, day-care centers, theme parks, playgrounds, etc.

\_ The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties

Defendant:  HEDER MORALES-AGUILAR
Case No.:   3:07-cr-340-J-16JRK

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | | |

_ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

_ Restitution amount ordered pursuant to plea agreement  $ _____.

_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　_ the interest requirement is waived for the ___ fine ___ restitution.

　　_ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments

Defendant:   HEDER MORALES-AGUILAR
Case No.:    3:07-cr-340-J-16JRK

Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__  Lump sum payment of $ __100.00__ due immediately, balance due

   ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___  The defendant shall pay the cost of prosecution.

___  The defendant shall pay the following court cost(s):

___  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__MIDDLE__ District of __FLORIDA__

JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
V.
__HEDER MORALES-AGUILAR__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 3:07-MJ-1278-TEM

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that
The government moved for detention and the defendant stipulated and agreed to detention. The defendant is detained without prejudice to reopening the detention issue based upon the factors cited in the detention statute.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 5, 2007                                   */s/ Thomas E. Morris*
Date                                              Signature of Judicial Officer
Hearing held on: December 4, 2007

THOMAS E. MORRIS, UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

CERTIFIED A TRUE COPY
SHERYL L. LOESCH, CLERK
U.S. DISTRICT COURT
By: _____
Deputy Clerk

*Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 ... Sept. 15, 1980 (21 U.S.C. § 955a).

CLOSED, INTERPRETER, PLED, TEM

# U.S. District Court
## Middle District of Florida (Jacksonville)
### CRIMINAL DOCKET FOR CASE #: 3:07-cr-00340-JHM-JRK-1
### Internal Use Only

Case title: USA v. Morales-Aguilar
Magistrate judge case number: 3:07-mj-01278-TEM

Date Filed: 12/17/2007
Date Terminated: 02/06/2008

Assigned to: Senior Judge John H. Moore, II
Referred to: Magistrate Judge James R. Klindt

CERTIFIED A TRUE COPY
SHERYL L LOESCH, CLERK
U.S. DISTRICT COURT
By: _____
Deputy Clerk

**Defendant (1)**

**Heder Morales-Aguilar**
*CUSTODY*
*TERMINATED: 02/06/2008*

represented by **Heder Morales-Aguilar**
PRO SE

**David Austin Makofka**
Makofka & Makofka
Suite 402
24 N Market St
Jacksonville, FL 32202
904/355-2700
Fax: 904/355-0084
Email: makofkalaw@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

8:1326.F REENTRY OF DEPORTED ALIENS
(1)

**Disposition**

Imprisonment: time served plus 7 days to expire on Wednesday, February 13, 2008; Supervised Release: 12 months; Special Assessment: $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**                                              **Disposition**
8:1326B.F

**Plaintiff**
USA                              represented by   **Russell C. Stoddard**
                                                  US Attorney's Office - FLM
                                                  Suite 700
                                                  300 N Hogan St
                                                  Jacksonville, FL 32202
                                                  904/301-6300
                                                  Email: Russell.Stoddard@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2007 | 1 | COMPLAINT as to Heder Morales-Aguilar (1). (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 |   | Arrest of Heder Morales-Aguilar on 12/4/2007 (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 | 2 | Minute Entry for proceedings held before Magistrate Judge Thomas E. Morris: INITIAL appearance as to Heder Morales-Aguilar held on 12/4/2007. (DIGITAL) (Interpreter/Language: Davor Zidovec/Spanish) (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 | 3 | ORAL MOTION to appoint counsel by Heder Morales-Aguilar. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 | 4 | ORAL MOTION for detention by USA as to Heder Morales-Aguilar. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 | 5 | ORDER granting 3 Oral Motion to appoint counsel David Austin Makofka for Heder Morales-Aguilar. Signed by Magistrate Judge Thomas E. Morris on 12/4/2007. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/04/2007 | 6 | CJA 20 as to Heder Morales-Aguilar: appointment of attorney David Austin Makofka for Heder Morales-Aguilar. Signed by Deputy Clerk on 12/4/2007. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/05/2007 | 7 | ORDER OF DETENTION PENDING TRIAL as to Heder Morales-Aguilar. Motion terminated as to Heder Morales-Aguilar: 4 ORAL MOTION for detention filed by USA. Signed by Magistrate Judge Thomas E. Morris on 12/5/2007. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |

| | | |
|---|---|---|
| 12/12/2007 | 8 | NOTICE OF HEARING as to Heder Morales-Aguilar. Preliminary Examination set for 12/17/2007 at 03:00 PM in Courtroom 5 B before Magistrate Judge Thomas E. Morris. (CJH) [3:07-mj-01278-TEM] (Entered: 12/12/2007) |
| 12/17/2007 | 9 | INFORMATION as to Heder Morales-Aguilar (1) count(s) 1. (PWD) (Entered: 12/19/2007) |
| 12/17/2007 | 10 | WAIVER OF INDICTMENT by Heder Morales-Aguilar (PWD) (Entered: 12/19/2007) |
| 12/17/2007 | 11 | Minute Entry for proceedings held before Magistrate Judge Thomas E. Morris: ARRAIGNMENT as to Heder Morales-Aguilar (1) Count 1 held on 12/17/2007. Defendant(s) WAIVER OF INDICTMENT/CHANGE of plea hearing as to Heder Morales-Aguilar held on 12/17/2007. (Digital) (Interpreter/Language: Davor Zidovec/Spanish) (SHS) (Entered: 12/21/2007) |
| 12/17/2007 | 12 | CONSENT regarding entry of a plea of guilty (FILED IN OPEN COURT) as to Heder Morales-Aguilar (SHS) (Entered: 12/21/2007) |
| 12/17/2007 | 13 | NOTICE of maximum penalty, elements of offense, personalization of elements and factual basis (FILED IN OPEN COURT) by USA as to Heder Morales-Aguilar (SHS) (Entered: 12/21/2007) |
| 12/21/2007 | 14 | ORDER re Waiver of Indictment as to Heder Morales-Aguilar Signed by Magistrate Judge Thomas E. Morris on 12/17/07. (SHS) (Entered: 12/21/2007) |
| 12/21/2007 | 15 | REPORT AND RECOMMENDATION concerning plea of guilty re: count(s) One of the Information as to Heder Morales-Aguilar. Signed by Magistrate Judge Thomas E. Morris on 12/17/07. (SHS) (Entered: 12/21/2007) |
| 12/26/2007 | 16 | Original Notice of Maximum Penalties returned to Asst. U. S. Attorney. (CJH) (Entered: 12/26/2007) |
| 01/08/2008 | 17 | ORDER adopting Report and Recommendations re 15 Report and Recommendations concerning guilty plea as to Heder Morales-Aguilar (1) Sentencing set for February 6, 2008 at 10:00 am.m before the Honorable Howell W. Melton.. Signed by Senior Judge John H. Moore, II on 1/8/2008. (VMF) (Entered: 01/08/2008) |
| 01/08/2008 | | (Court only) ***COPIES to US Marshal, US Probation, Law Clerk to Judge Melton as to Heder Morales-Aguilar; re 17 Order on Report and Recommendations concerning guilty plea, (PWD) (Entered: 01/09/2008) |
| 01/08/2008 | | (Court only) Plea entered by Heder Morales-Aguilar (1) Guilty Count 1. (PWD) (Entered: 01/09/2008) |
| 02/06/2008 | 18 | Minute Entry for proceedings held before Senior Judge Howell W. Melton: SENTENCING held on 2/6/2008 for Heder Morales-Aguilar (1), Count(s) 1, Imprisonment: time served plus 7 days to expire on Wednesday, February 13, 2008; Supervised Release: 12 months; Special Assessment: $100.00. Defendant remanded to the custody of the US Marshal. Court Reporter: |

| | | |
|---|---|---|
| | | Deanne Moore (Interpreter/Language: Yolanda M. Vargas) (PWD) (Entered: 02/07/2008) |
| 02/06/2008 | 19 | JUDGMENT as to Heder Morales-Aguilar (1), Count(s) 1, Imprisonment: time served plus 7 days to expire on Wednesday, February 13, 2008; Supervised Release: 12 months; Special Assessment: $100.00 Signed by Senior Judge Howell W. Melton on 2/6/2008. (PWD) (Entered: 02/07/2008) |
| 02/06/2008 | | (Court only) ***Certified COPIES mailed to Counsel: David Austin Makofka, Russell C. Stoddard; US Marshal (4), US Pretrial, FLU, and Bureau of Prisons as to Heder Morales-Aguilar; re 19 Judgment, (PWD) (Entered: 02/07/2008) |
| 02/06/2008 | | (Court only) ***JS-3 closing information as to Heder Morales-Aguilar (PWD) (Entered: 02/07/2008) |
| 02/06/2008 | | (Court only) ***Set/clear flags as to Heder Morales-Aguilar (PWD) (Entered: 02/07/2008) |
| 03/13/2008 | 20 | ENDORSED CJA 20 as to Heder Morales-Aguilar: authorization to pay David Makofka. Amount: $719.80 ($763.45 w/exp) - Voucher JAX2008-009. Signed by Senior Judge Howell W. Melton on 3/5/8. Processed 3/12/08.(jc) (Entered: 03/13/2008) |
| 03/31/2008 | 21 | ENDORSED CJA 21 as to Heder Morales-Aguilar: authorization to pay David Alvarez $245 ($298.35 w/exp) for expert services - Voucher JAX2108-005. Signed by Senior Judge John H. Moore, II on 2/19/08. Processed 3/28/08. (jc) (Entered: 03/31/2008) |
| 06/04/2008 | 22 | (Court only) ***PETITION on probation and supervised release as to Heder Morales-Aguilar requesting the term of supervision be revoked and the issuance of a warrant (ORDER granting petition). (3 certified copies to US Probation) Signed by Senior Judge John H. Moore, II on 6/4/2008. (PWD) (Entered: 06/05/2008) |
| 06/04/2008 | 23 | *** ARREST WARRANT Issued as to Heder Morales-Aguilar (PWD) (Entered: 06/05/2008) |